COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


MOBILE VAC SERVICES COMPANY AND
 HARTFORD UNDERWRITERS INSURANCE COMPANY
                                          MEMORANDUM OPINION*
v.    Record No. 2880-00-1                    PER CURIAM
                                            APRIL 17, 2001
MICHAEL LEE FINLEY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (William C. Walker; Taylor & Walker, P.C., on
            brief), for appellants.

            (John H. Klein; Montagna, Klein & Camden,
            L.L.P., on brief), for appellee.


     Mobile Vac Services Company and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that employer failed to

prove that Michael Lee Finley's (claimant) ongoing psychological

therapy sessions with Dr. Norbert L. Newfield were either

unreasonable or unnecessary medical treatment for claimant's

compensable October 14, 1993 back injury.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In finding that employer's evidence failed to sustain its burden of proof, the commission found as follows:

> [W]e recognize that the claimant's psychological condition has not markedly improved over the period during which he has undergone treatment. However, the claimant and his wife have both credibly described the ameliorating effect psychotherapy has had upon his severe and potentially suicidal depression resulting from his accident. Dr. Newfield stated that the claimant's psychological condition and functioning has waxed and waned, but explained that the use of psychotherapy has resulted in a stabilization of his condition. As explained by the claimant and his wife, however, this stability has been shaken by the employer's termination of treatment, and

- 2 -

the claimant's condition has regressed without active attention. Dr. [David W.] Reid, the claimant's treating psychiatrist and physician administering psychotropic medication has opined that Dr. Newfield's therapy is "vitally important" to his care.

We recognize that Dr. [Paul] Mansheim has offered a contrary opinion, noting that the claimant's treatment regimen appears "aimless," and without clear objectives. However, we also note that Dr. Mansheim did not address in his report the reasonableness or necessity of psychological therapy or counseling as palliative treatment. In this regard, we find it significant that Dr. Newfield – with the benefit of over 375 treatment sessions with the claimant - believes that Dr. Mansheim has grossly underestimated the effects of the claimant's severe depression on his overall diagnosis and upon the claimant's functional abilities. Dr. Newfield explained that the claimant's condition has resulted in far less functional ability than that suggested by Dr. Mansheim, requiring psychological counseling and therapy to stabilize a potentially suicidal depressive condition. Considering Dr. Newfield and Dr. Reid's extensive treatment, whose opinions are accented by the testimony of the claimant and his wife, we accord Dr. Mansheim's opinion with less weight.

The opinions of Drs. Newfield and Reid, along with the testimony of claimant and his wife, amply support the commission's finding that ongoing psychotherapy with Dr. Newfield constitutes reasonable and necessary medical treatment related to claimant's compensable injuries. In its role as fact finder, the commission was entitled to weigh the medical evidence. The commission did so and accepted the

opinions of the treating physicians, Drs. Newfield and Reid, while rejecting the contrary opinion of Dr. Mansheim, who performed an independent medical examination of claimant and reviewed claimant's medical records. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Based upon this record, we cannot find as a matter of law that employer sustained its burden of proving that ongoing psychological treatment was not necessary and reasonable medical treatment for claimant's compensable injuries.

For these reasons, we affirm the commission's decision.

Affirmed.